UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE MARIO FLORES, | ) Case No. CV12-5119-DMG (DTB) |
| Petitioner, | ) |
| | ) ORDER TO SHOW CAUSE |
| vs. | ) |
| DOMINGO URIBE, JR., Warden, | ) |
| | ) |
| Respondent. | ) |

On June 12, 2012, petitioner lodged for filing a Petition for Writ of Habeas Corpus by a Person in State Custody ("Pet.") along with supporting facts and exhibits. The Petition purports to be directed to a judgment of conviction sustained by petitioner in Los Angeles County Superior Court on January 5, 1993, pursuant to which petitioner was sentenced to state prison for 26 years-to-life. (See Pet. at ¶¶ 1, 2). From a review of the California Appellate Courts website[1], it appears that petitioner appealed the underlying judgment of conviction to the California Court of Appeal, which subsequently affirmed the judgment on May 9, 1994. Thereafter, petitioner filed a Petition for Review in the California Supreme Court which was subsequently denied on July 20, 1994.

---

[1] http://appellatecases.courtinfo.ca.gov/index.html

1

As best the Court can glean from the Petition and attachments thereto, petitioner is seeking to raise claims of ineffective assistance of both trial and appellate counsel for various errors, including the failure to seek to introduce evidence concerning the background of the victim, Joey Valles (see, e.g., Pet. at 5B-5C)[2], as well as a due process claim based on petitioner's mental incapacity. (Pet. at 6.) In addition, petitioner appears to be invoking the "fundamental miscarriage of justice" exception to the statute of limitations, asserting that he is actually innocent of the crime. (Pet. at 5H-5K.)   Since this action was filed after the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") on April 24, 1996, it is subject to the AEDPA's one-year limitation period, as set forth at 28 U.S.C. § 2244(d). See Calderon v. United States District Court for the Central District of California (Beeler), 128 F.3d 1283, 1287 n.3 (9th Cir. 1997), cert. denied, 522 U.S. 1099 and 118 S. Ct. 1389 (1998).[3]   28 U.S.C. § 2244(d) provides:

"(1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

(A)   the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;

(B)   the date on which the impediment to filing an application created by State action in violation of the Constitution

---

[2]   Petitioner has inserted and attached various pages to the Petition, and the Court has re-numbered them for ease of reference.

[3]   Beeler was overruled on other grounds in Calderon v. United States District Court (Kelly), 163 F.3d 530, 540 (9th Cir. 1998) (en banc), cert. denied, 526 U.S. 1060 (1999).

       or laws of the United States is removed, if the applicant was prevented from filing by such State action;

       (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

       (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

From the face of the Petition, it is not entirely clear whether petitioner is asserting a basis for contending that he is entitled to a later trigger date under § 2244(b)(1)(B). While petitioner appears to contend that he was somehow impeded from filing his federal petition by unconstitutional state action in the form of prison officials failing to preserve his legal material (see, e.g., Pet. at 5F), the Court cannot conclude that this exception is applicable, and also notes that petitioner has not expressly invoked this provision as a "late trigger" date. It does not appear that petitioner has a basis for contending that he is entitled to a later trigger date under § 2244(b)(1)(C). Additionally, petitioner is not contending that any of his claims are based on a federal constitutional right that was initially recognized by the United States Supreme Court subsequent to the date his conviction became final and that has been made retroactively applicable to cases on collateral review. Moreover, it is clear that petitioner has no basis for contending that he is entitled to a later trigger date under § 2244(b)(1)(D). Petitioner was aware of the **factual** predicate of his ineffective assistance of counsel and due process claims as of the date he was convicted and sentenced. See Hasan v. Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001) (statute of limitations begins to run when a prisoner "knows (or through

///

diligence could discover) the important facts, not when the prisoner recognizes their legal significance").

Since petitioner's judgment of conviction became final on October 18, 1994, prior to the enactment of the AEDPA, the statute of limitations commenced on the day after the AEDPA's effective date and expired one year later, on April 24, 1997, unless a basis for tolling existed. See Bryant v. Arizona Atty. Gen., 499 F.3d 1056, 1058 (9th Cir. 2007); Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001); Beeler, 128 F.3d at 1287-88). The Petition was filed over 15 years later, on June 12, 2012. Thus, absent tolling, the Petition is untimely.

The burden of demonstrating that the AEDPA's one-year limitations period was sufficiently tolled, whether statutorily or equitably, rests with the petitioner. See, e.g., Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005); Zepeda v. Walker, 581 F.3d 1013, 1019 (9th Cir. 2009); Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002).

28 U.S.C. § 2244(d)(2) provides:

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

In Nino v. Galaza, 183 F.3d 1003 (9th Cir. 1999), cert. denied, 529 U.S. 1104 (2000), the Ninth Circuit construed the foregoing tolling provision with reference to California's post-conviction procedures. The Ninth Circuit held that "the statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge." See id. at 1006. Accord, Carey v. Saffold, 536 U.S. 214, 219-21, 122 S. Ct. 2134, 153 L. Ed. 2d 260 (2002) (holding that, for purposes of statutory tolling, a California petitioner's application for collateral review remains "pending" during the intervals between the

time a lower state court denies the application and the time the petitioner files a further petition in a higher state court).  However, the statute of limitations is not tolled during the interval between the date on which the judgment of conviction became final and the filing of the petitioner's first collateral challenge.  See Nino, 183 F.3d at 1006.

Here, it appears from the face of the Petition, as well as from the attachments thereto, that petitioner filed a series of motions in the California courts seeking a copy of his transcripts, as well as the appointment of counsel (Pet. at 4), commencing in 2004.  Even if the Court were to construe such motions as post-conviction motions collaterally attacking his underlying conviction for purposes of §2244(d)(2), petitioner would not be entitled to any statutory tolling, since these motions were filed years after the AEDPA imitation period expired on April 24, 1997.  Once the AEDPA limitations period lapsed in April 1997, it could not be reinitiated.  See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) (holding that § 2244(d) "does not permit the reinitiation of the limitations period that has ended before the state petition was filed," even if the state petition was timely filed); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001); Wixom v. Washington, 264 F.3d 894, 898-99 (9th Cir. 2001); Green v. White, 223 F.3d 1001, 1003 (9th Cir. 2000).  Thus, it appears there is no basis for statutory tolling of the limitations period with respect to the Petition.

In Beeler, the Ninth Circuit further held that the timely filing of a habeas petition was not jurisdictional, but rather was subject to equitable tolling.  The limitations period, however, could be equitably tolled only if "'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time."  Beeler, 128 F.3d at 1287-89; see also Harris v. Carter, 515 F.3d 1051, 1054 n.4 (9th Cir. 2008) ("Although the Supreme Court has never explicitly decided whether § 2244(d) allows for equitable tolling, . . . we hold that it does."); Espinoza-Matthews v. California, 432 F.3d 1021, 1026 (9th Cir. 2005) (noting that "equitable

tolling of AEDPA's one-year statute of limitations is available in this Circuit"). In Pace, 544 U.S. at 418, the Supreme Court reiterated that the two requirements for equitable tolling are "(1) that [the petitioner] has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way," and petitioner bears the burden of establishing his entitlement to equitable tolling. See also, e.g., Gaston v. Palmer, 417 F.3d 1030, 1034 (9th Cir. 2005) (as amended); Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002).

The Ninth Circuit has held that the district court has the authority to raise the statute of limitations issue *sua sponte* when untimeliness is obvious on the face of the petition and to summarily dismiss a petition on that ground pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, so long as the court "provides the petitioner with adequate notice and an opportunity to respond." See Nardi v. Stewart, 354 F.3d 1134, 1141 (9th Cir. 2004); Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

IT THEREFORE IS ORDERED that, on or before **July 25, 2012**, petitioner show cause in writing, if any he has, why the Court should not recommend that this action be dismissed with prejudice on the ground of untimeliness. If petitioner intends to rely on the equitable tolling doctrine, he will need to include with his response to the Order to Show Cause a declaration under penalty of perjury stating facts showing (1) that he has been pursuing his rights diligently, and (2) that some "extraordinary circumstances" beyond petitioner's control stood in his way and/or made it impossible for him to file the Petition on time. See Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005); see also Roy v. Lampert, 465 F.3d 964, 969 (9th Cir. 2006), cert. denied, 127 S. Ct. 1880 (2007); Raspberry v. Garcia, 448 F.3d 1150, 1153 (9th Cir. 2006).

DATED: June 29, 2012

DAVID T. BRISTOW
UNITED STATES MAGISTRATE JUDGE